UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MON CHERI BRIDALS, INC.,

          Plaintiff,

-vs-                                      Case No. 2:09-mc-28-FtM-29SPC

WEN WU, individually and d/b/a JACQUELIN , BRIDALS; WEN WU d/b/a PRIVATE COLLECTION; WEN WU d/b/a CHRISTINA WU; WEN WU d/b/a LABELLE FASHIONS; WEN WU d/b/a TIFFANY DESIGNS; FORMOSA SUNRISE CORPORATION, a Florida corporation and successor in interest to UNITED WU ENTERPRISES, INC. and MDTW, INC. by merger,

          Defendants,

and

BANK OF AMERICA
C/O any officer/director
101 East Kennedy Boulevard
Tampa, Florida 33602
Garnishee.

          Defendants.
_____

**PROTECTIVE ORDER**

This matter comes before the Court on the Plaintiff Mon Cheri Bridal, Inc.'s and the Defendants Wen Wu , *et al.'s* Stipulation for the Entry of a Confidentiality Agreement (Doc. # 19), filed on December 28, 2009. A person from whom discovery is sought may move under Fed. R. Civ. P. 26(c) for a protective order limiting disclosure or for providing confidentiality. Rule 26(c) allows the Court to issue a protective order to limit discovery and make any order which justice

requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Moore v. Potter, 141 Fed. Appx. 803, (11th Cir. 2005) (citing Fed. R. Civ. P. 26(c)) A protective order should be entered only when the movant makes a particularized showing of "good cause" and specific demonstration of fact by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss of confidentiality; generalities, conclusory statements and unsupported contentions do not suffice. Gulf Oil Company v. Bernard, 452 U.S. 89, 102 n. 16, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981); Cipollone v. Leggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986). Courts have broad discretion at the discovery stage to determine whether or not a protective order is appropriate and what degree of protection is required. Seattle Times v. Rhinehart, 467 U.S. 20, 36-37, 104 S. Ct. 2199, 81 L. Ed. 2d 17(1984).

Whether good cause exists for a protective order is a factual matter to be decided by the nature and character of the information in question. Chicago Tribune Co. V. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1315 (11th Cir. 2001). When issuing a protective order the Court must articulate its reasons for granting the protective order sufficient to allow for appellate review. Additionally, the Court must evaluate and balance the interests of the parties and the non-parties concerning dissemination of discovery material. In Re Alexander Grant & Co. Litigation, 820 F.2d 352, 355, 357 (11th Cir. 1987).

Based upon the pleadings, the Court makes the following findings: (1) The post-judgment discovery in this case involves the disclosure of private, financial, proprietary, and confidential business records and/or trade secrets; and (2) A protective order is needed to expedite the flow of discovery material, preserve the integrity of truly confidential information, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material worthy of protection. Thus, the Court finds good cause to enter the Protective Order in compliance with the

request of the Parties.

Accordingly it is hereby

**ORDERED:**

1. CONFIDENTIAL MATERIAL: As used in this Protective Order, confidential material shall refer to the personal financial information and or business records of Wen Wu, and any documents designated as containing the trade secrets or personal financial information Wen Wu, hereinafter referred to as Defendant, protected as confidential information pursuant to Florida state law.

2. RECORDS: As used in this Protective Order, records means information, both discrete and cumulative, that is inscribed on a tangible medium or that is stored in an electronic or on video taped or on a compact disc or any other medium that is retrievable in perceivable form.

3. SCOPE: This protective order shall govern confidential material produced or disclosed by this Defendant in response to formal or informal discovery conducted in this matter. Nothing in this protective order shall be deemed to preclude this Defendant's right to: (a) oppose discovery on grounds not addressed under the terms of this protective order, or (b) object on any grounds to the admission of any confidential material into evidence or (c) utilize or disseminate its confidential material for any purpose at its own discretion. Further, nothing contained in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, or discoverability of the confidential material sought.

4. DESIGNATION OF CONFIDENTIAL MATERIAL: The party claiming confidentiality may designate all or any portion of documents, things and information it produces formally or informally to other parties to this litigation as confidential material. The designation of confidential material may be made by any practicable means, including placing on the thing so designated, such

that it will not interfere with its legibility, an appropriate notice such as the following: **CONFIDENTIAL MATERIAL.** Confidential material will be Bates stamped, if appropriate. All materials designated as confidential material shall be treated as such pursuant to the terms of this Protective Order until further order by the Court. The Defendant may only designate documents, things and information as "confidential material" pursuant to this paragraph upon making a good faith determination that the documents, information or things so designated are confidential pursuant to Florida law.

5. OBJECTION TO DESIGNATION: If any party objects to the designation of any records as confidential material, that party shall promptly notify all other parties, specifying the factual and legal basis for the objection. If a dispute arises that cannot be resolved by agreement, then the dispute will be submitted to the Court. Pending such determination, the personal financial records of Wen Wu shall be maintained as confidential material.

6. ACCESS TO CONFIDENTIAL MATERIAL: Access to confidential material shall be limited to authorized persons, solely in the performance of their duties in connection withpost-judgment discovery in this case.

Authorized Persons are:

(a) Counsel of record for the parties to this civil action who have consented to this Protective Order and signed the Promise of Confidentiality;

(b) Paralegal, secretarial, administrative, and legal personnel working under the direction and control of those counsel of record;

(c) Outside experts and consultants retained by the counsel of record who have first consented to this Protective Order and signed the Promise of Confidentiality and agreed in writing to be bound by its terms; and

(d) Further access may be agreed to by the parties documented in writing or requested by any party by motion filed with this Court and approved by this Court.

Authorized persons shall not include any organization or entity that regularly maintains and/or disseminates documents or information regarding documents, including abstracts or summaries, or any other records as a service to its members, subscribers, or others, or the representative of such an organization or entity.

7. PROMISE OF CONFIDENTIALITY: Each authorized person who receives access to any confidential material shall first be given a copy of this protective order and advised by the trial counsel making the disclosure that such person must not divulge any confidential material to any other person except in preparation or trial of this lawsuit, and that such disclosure is limited to authorized persons. In accord with <u>Hartman v. Remington Arms Co.</u>, F.R.D. 673 693 (W.D. Mo. 1992), a Promise of Confidentiality is attached as Exhibit A. This promise must be signed by each authorized person receiving any confidential material in advance of receipt. The signed original of each such promise shall be maintained by the disclosing counsel and provided to counsel for the Defendant within twenty (20) days after the final termination of this action.

8. If Counsel for the Plaintiff determines that certain confidential material produced by the Defendant must be revealed to a person identified in Paragraph 6(c), then counsel may reveal the confidential material to such person only after first complying with the following:

(a) The person must sign the Promise of Confidentiality and agree in writing to be bound by its terms;

(b) At least ten (10) days prior to disclosure of confidential materials to the expert or consultant, Counsel for the Plaintiff shall give written notice of the following to the Defendant by and through its counsel of record: the names and addresses and the present employment or the

person(s) to whom the disclosure is intended to be made, as well as the specific identification of the confidential materials which will be disclosed to such expert or consultant.

(c) Counsel for the party intending to disclose confidential material shall also inquire whether the expert or consultant is affiliated with, employed by, or consulting with a competitor of the Defendant. If so, the party intending to make such disclosure shall also give written notice of the following to the Defendant, by and through its counsel of record, within twenty (20) days prior to such intended disclosure: the identity of the competitor, and the affiliation of the expert or consultant with the competitor.

8. USE OF CONFIDENTIAL MATERIAL: All confidential material shall be used for the purpose of this lawsuit only.

(a) No confidential material will be produced, disclosed or otherwise utilized in any other litigation, whether or not that litigation involves parties to this case. Further, no confidential material shall be disseminated to or shared with any organization or entity that regularly maintains and/or disseminates documents or information regarding documents, including abstracts or summaries, or any other records as a service to its members, subscribers, or others, or the representative of such an organization or entity.

(b) If any subpoenas, request for production, or other forms of discovery in connection with other litigation are served on any party to this litigation are served on any party to this protective order, that party will immediately notify the Defendant's Counsel of record, provide the Defendant's Counsel of with a copy of the subpoena, etc., and will consent to and assist in obtaining an order from the appropriate court protecting the confidential material from being disseminated outside the scope of this Protective Order.

9. COURT RECORDS: In the event that any confidential material is any way disclosed in

any pleading, motion deposition transcript, video tape, exhibit, photograph, or material filed with any court, the confidential material shall be filed in an attached sealed separate envelope containing the style of the case marked "Confidential Material Protected by Court Order," dated and kept under seal by the clerk of that court until further court order. Such confidential material shall, however, remain available to personnel authorized by that court and to authorized persons. Where practicable, only the confidential portions of pleadings filed with the court will be filed in a separate sealed envelope. If any confidential material deleted may be substituted in the public record, if appropriate. The Court specifically finds that filing of documents under seal can be burdensome. As such, no party shall unnecessarily file documents under seal unless said documents, even if they are confidential material, need to be sealed. The Court may sanction any party for unnecessarily filing documents under seal.

    10. DEPOSITIONS: If confidential material is used or referred to during depositions, Counsel for the Defendant may require that only its representatives, authorized persons, the deponent, the court reporter, and the camera operator (if the deposition is videotaped) shall be present for the portion of the deposition dealing with confidential material. Counsel for the Defendant may also serve a copy of this protective order upon the deponent, the court reporter, and camera operator, and require each sign the Promise of Confidentiality, (Exhibit A), prior to further questioning. Counsel for the Defendant may state on the record at the deposition that the deposition includes information claimed to be confidential material. Counsel for the Defendant shall then designate by page and line the portions for which such claim is made within twenty (20) days after receipt of the completed deposition transcript, and give written notice of this designation to the court reporter and all other parties within twenty (20) days after receipt of the completed deposition transcript. This designation shall be placed on the first page in the original and all copies of the

deposition by the court reporter and by counsel for the parties. The designation shall include the style of the case and may follow the form attached as Exhibit B. Pending such designation, the deposition and all exhibits shall be treated in its entirety as confidential material. Those portions of the deposition which are designated as confidential material shall be bound separately under seal and prominently marked "Confidential Material Subject to Protective Order." The portions of each deposition so designated shall be returned to trial counsel for Defendant upon final termination of this action.

11. INADVERTENT DISCLOSURE: Should any confidential material be disclosed to any unauthorized persons, through inadvertence or a party or through the act or omission or any person, the unauthorized person (a) shall be informed promptly of the provisions of this protective order by the party who first learns of the disclosure, and upon such notice shall be subject to the terms of this order; (b) shall be identified immediately to all other parties; and (c) shall be directed it within the control of a party, or otherwise asked, to sign the Promise of Confidentiality, (Exhibit A). The person or entity whose inadvertence caused the unauthorized disclosure shall be responsible for securing the unauthorized person's assent to the Promise of Confidentiality and for all reasonable attorney's fees, costs and expenses associated with the enforcement of this Order.

12. RETURN OF CONFIDENTIAL MATERIAL: Within twenty (20) days of the final termination of this action, counsel of record for each party shall assemble and return to counsel for the Defendant all confidential material produced, including all copies notes, summaries, renderings, photographs, recordings, and reproductions of every kind. Any confidential material entered onto a computer database or other retrieval system shall be deleted and written over or formatted. Any direct quote from confidential material will also be returned to counsel of record for the Defendant within twenty (20) days of final termination of this action. The confidential material being returned

shall be described sufficiently to identify the confidential material transmitted (but without disclosing its substance) in a cover letter from each counsel of record returning such confidential material. A copy of that cover letter shall be filed with the Court. All signed Promises of Confidentiality shall also be returned as provided in Paragraph 6.

13. SURVIVAL OF OBLIGATIONS: All obligations and duties arising under this Protective Order shall survive the termination of this action and, in addition, shall be binding upon the parties to this action, their successors and assigns (whether in whole or in part), affiliates, subsidiaries, their officers, attorneys, agents, representatives, and employees.

14. JURISDICTION: This Court shall retain jurisdiction indefinitely with respect to enforcement of and/or any dispute regarding the improper use of confidential material, to modify the terms of this Order, or to enter further Orders regarding confidential material, as may be necessary.

**DONE AND ORDERED** at Fort Myers, Florida, this ___13th___ day of March, 2010.

_____
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record
MJCD

**EXHIBIT A**
**<u>PROMISE OF CONFIDENTIALITY</u>**

STATE OF _____

COUNTY OF _____

1. My name is _____. I live at _____. I am employed as _____ by _____.

2. I am aware that a document and information protective order has been entered in _____ and a copy of that Protective Order has been given to me.

3. I promise that I will use the **confidential materials** as defined under that Protective Order <u>only</u> in connection with assisting counsel for the Plaintiffs or Defendants in preparing for litigation of this matter.

4. I promise that I will not disclose or discuss such **confidential material** with any person other than the parties, and counsel for the parties or members of their staff who are actively engaged in the preparation of this case.

5. I understand that any use of the confidential material I obtain, in any manner contrary to the provisions of the Protective Order may subject me to sanctions by this Court, and I agree to the jurisdiction of this Court to enforce any such Order.

6. I expressly consent to the jurisdiction of this Court with respect to matters within the scope of the Protective Order.

7. I promise to promptly return to Wen Wu through delivery to counsel representing Plaintiffs or Defendant, all **confidential materials** or any portion or summary thereof, upon notice mailed to me at the address provided hereinabove, and I promise that under no circumstance will I retain any duplicate of any such **confidential material**. I assume all responsibility for returning this material to Wen Wu as set forth herein, and I bear all risks associated with the purported loss, destruction or inadvertent disclosure of such **confidential material** that has been entrusted to my care. My failure to return all such **confidential material** will be deemed a disclosure in violation of the Protective Order and this agreement, which may subject me to sanctions. I expressly agree to pay all reasonable attorneys' fees, costs and expenses associated with enforcement of this paragraph in order to obtain my compliance with it, in addition to any sanctions the Court may impose.

_____
Signature                                                                                                           Date

      Witness my hand and seal this _____ day of _____, 200\_\_.

(SEAL)

State of _____

_____ County

  I, _____, a notary public for this county and state, certify that _____, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, the above named individual executed the same voluntarily on the day the same bears date.

_____
Notary Public

My Commission Expires: _____

**EXHIBIT B**

STATE OF _____

COUNTY OF _____

        Plaintiffs,

vs.                          CIVIL ACTION NO:_____

        Defendants.

_____

**DEPOSITION OF** _____

**THIS**           **DAY OF**                **, 200**

<u>DESIGNATION OF CONFIDENTIAL MATERIAL</u>

      Pursuant to the Court Order dated _____, the following parts of this deposition are designated as confidential:

      This _____ day of _____, 2010.

                                                _____
                                                Counsel of Record